## Case No. 11,136.

### In re PICTON.

[2 Dill. 548;[1] 11 N. B. R. 420.]

Circuit Court, E. D. Missouri. 1873.

BANKRUPT ACT — SECOND SECTION CONSTRUED — REVISORY JURISDICTION OF CIRCUIT COURT.

1. The second section of the bankrupt act [of 1867 (14 Stat. 518)] gives to the circuit court jurisdiction to review, upon a proper record, an order of the district court, upon a trial before it without a jury, adjudicating the petitioner a bankrupt.

2. Where all of the testimony in the district court on the trial of such an issue was reduced to writing, preserved by bill of exception, and certified to the circuit court, the latter court can

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

review the correctness of the order of the district court adjudging the petitioner a bankrupt.

3. But in such a case the appellate court will not reverse on a question of fact unless the judgment below is, in its opinoin, clearly erroneous.

4. Testimony considered to establish the fraudulent transfer of property charged as an act of bankruptcy.

[In review of the action of the district court of the United States for the Eastern district of Missouri.]

This is a petition, under the second section of the bankrupt act, to review and reverse an order of the district court adjudging the petitioner a bankrupt. The petitioning creditors, Sterling Price & Co. charge as an act of bankruptcy that the present petitioner purchased of them three hundred and four bales of cotton at the price of $22,000; that it was expressly agreed that payment therefor was to be made in cash on delivery; that Picton, by means of the promise to pay on delivery, obtained possession of the cotton, and, without making payment therefor, immediately shipped the same to New York, and transferred the bills of lading with intent to hinder, delay, and defraud his creditors.

An answer was filed denying the act of bankruptcy charged, and, no jury having been demanded, the issue was tried to the court, which, upon the testimony produced, found against the debtor. The testimony before the district court was preserved by a bill of exception signed by the district judge, and is in the record of the present proceeding. The present petitioner seeks to reverse the order adjudging him a bankrupt, on the ground that the court below erred in holding that the evidence established the act of bankruptcy alleged. This is the only error of which he complains.

Bakewell, Farish & Mead, for petitioner for review.

Hill & Bowman, for petitioning creditors.

DILLON, Circuit Judge. 1. The petitioning creditors object that the circuit court, in the state of the record, cannot review the order by which the present petitioner in review was adjudicated a bankrupt, and insist that if such an order can be here revised at all, it must be upon writ of error. It will be observed that the issue below was tried to the court, and not a jury, and that all of the evidence upon which that court acted is preserved of record and is certified to this court. I am of opinion that the case falls within the general supervisory jurisdiction of the circuit court, and that the decision below may be reviewed, all of the testimony having been preserved.

In Morgan v. Thornhill, 11 Wall. [78 U. S.] 65, 78, 79, Mr. Justice Clifford, speaking of such cases, says, arguendo, that where the issue is tried by a jury. "the case is excluded from the general superintendence and jurisdiction of the circuit court by the exception

introduced as a parenthesis into the body of that part of the section." But he adds: "Such cases may be tried by the district court without a jury, and in that event no doubt is entertained that the case is within the supervisory jurisdiction of the circuit court." In Langley v. Perry [Case No. 8,067], Mr. Justice Swayne held that the circuit court could, upon petition for review, revise the ruling of the district court upon a petition in involuntary bankruptcy.

2. But while I may thus review the decision of the district court on a question of fact. yet the ordinary rule governing appellate tribunals should apply, viz: that to justify a reversal, the finding below should be clearly erroneous. The rule rests upon good reasons. The court below sees the witnesses face to face, while the appellate tribunal sees them only on paper; and this gives the former court advantages in passing upon the weight of evidence which the latter court does not possess. I have gone through the one hundred and fifty pages of testimony in the record, but as it would conduce to no useful end to discuss it at length, it must suffice to say that it has not produced upon my mind the conviction that the conclusion of the district court was erroneous. I may add that I do not think the testimony establishes that the present petitioner, in the purchase of the cotton of the petitioning creditors, premeditated any scheme to defraud them; but his purchase was expressly for cash on delivery (that is, upon inspection and acceptance), and his action in his embarrassed circumstances in at once, before inspection and acceptance, taking the cotton notes, that is, warehouse receipts, for the cotton which he had received from the sellers in order to inspect, and pledging them to his banker to make his account good, and subsequently assigning to him the bills of lading for the same cotton, he, meanwhile, on various grounds, putting off or refusing to pay the seller, though superinduced by the stress of his circumstances, and though he may have hoped in the end to make payment for the cotton, was not improperly regarded by the district court as being legally. if not intentionally, fraudulent, in that it did hinder. delay, and defraud his vendors, and should, in law, be taken to have been intended to effect the result which it accomplished. Affirmed.

---

PIECE (INSDETH v.). See Case No. 7,026.

---

### PIECES OF.

[Note. Cases cited under this title will be found arranged in alphabetical order under the quantity or number of pieces, e. g. "Pieces of Mahogany. See Five Hundred and Twenty-Eight Pieces of Mahogany."]

---

PIEDMONT. The (LARRABEE v.). See Case No. 8,095.